## SUPREME COURT.

ELISHA BURROWS agt. ADAM STUMM.

Where a testator by his will gave a life estate to his father in a house and lot in the city of New York, and charged thereon an annuity to the mother of the plaintiff (his wife,) and then devised the same unto the plaintiff (his son,) "after the decease of my father, and when the said child shall become twenty-one years of age, and becomes married and has children," "and in case of his the said child's decease before that period, and after my father's decease, then the said real estate" is given over to others,

*Held,* that on the termination of the life estate, the estate became *vested* in the devisee, and he was entitled to the *absolute possession* on his attaining the age of *twenty-one years*. That is, the devise "when the said child shall become twenty-one years of age," is not a *condition precedent to the vesting* of the estate in him; but "in case of his the said child's decease before that period, and after my father's decease," is a *condition subsequent* on which the estate was to be divested.

The words "and becomes married and has children," should be read "*or* becomes married and has children," to effectuate the clear intention of the testator from all the provisions of the will; and this change is clearly authorized by the authorities of this state and in England, whenever it becomes necessary to give effect to the intentions of the testator.

*New York Special Term, March* 14, 1859.

W. S. SEARS, *for plaintiff.*

MILLER, PEET & NICHOLS, *for defendant.*

DAVIES, Justice. Elisha Burrows, the elder, being seized of a house and lot in Clinton street, in this city, made his last will, in due form, wherein he gave a life estate therein

to his father, John Burrows, and charged thereon an annuity of $60 to the mother of the plaintiff, and then devised the same unto the plaintiff, " after the decease of my father, and when he, the said child, shall become twenty-one years of age, and becomes married and has children," " and in case of his, the said child's decease, before that period, and after my father's decease, then the said real estate" is given over to others.   It seems to me to be the clear intention of the testator that the plaintiff, on the demise of John Burrows, should take the estate upon his attaining the age of twenty-one.   It was also to be his upon his marriage, and having children.   It vested in him on the death of the tenant for life, and he was entitled to the possession on the happening of either of those events, subject to his being wholly divested on his dying before his attaining the age of twenty-one years, and on the happening of which event, the devise over took effect, and it only took effect on his dying before the age of twenty-one. He has attained the age of twenty-five, and that devise over can never be operative.   The testator has therefore died intestate, or the fee is suspended until the death of the plaintiff, unmarried and without issue, or the fee is now vested in him.   The life tenant died in 1842, and the annuitant is willing to release, and the question presented for decision is, Can the plaintiff convey a fee in the land thus devised to him ?   He has made a written contract with the defendant thus to convey, and the defendant refuses to perform.   The complaint is filed to enforce a specific performance, setting forth all the matters suggested, to which the defendant demurs, alleging that the complaint does not state facts sufficient to constitute a cause of action.

The first question presented is, in whom is the estate vested ?   Supposing the testator had stopped with the language, " when he the said child shall become twenty-one years of age," it cannot be doubted that the estate was vested in the plaintiff, and on his attaining the age of

twenty-one, his right of possession and title would have been absolute, the devise over not to take effect if he attained that age.

A devise to A. in fee, *if* or *when* he attains the age of twenty-one years, becomes a vested remainder, provided the will contained an intermediate disposition of the estate, or of the rents and profits during the minority of A., or if it directed the estate to go over in the event of A. dying under age. (4 *Kent*, 234.) In the present case there is an intermediate disposition of the estate, and a direction that the estate go over in the event of the plaintiff dying under age. The proposition laid down is, therefore, met by the facts in this case, and the authorities cited to sustain it will be referred to. They will elucidate the proposition sought to be maintained. (*Bracton's case*, 3 *Coke*, 19.)

In that case the will was, " when the said Hugh shall come to his age of twenty-one years"; there the estate was given to him and his heirs forever, and it was held that the use of the word " *when*" was a demonstration of the time when the remainder to Hugh should take effect in possession, and not when the remainder should vest. Hugh having died at the age of nine years, his brother became his heir, who demised the premises to the defendant. It was alleged on the part of the plaintiff that no remainder was vested in said Hugh, until he attained the age of twenty-one years, and that, in the meantime the lands did descend to the daughters of the elder son, who were the general heirs of the devisee, and through whom the plaintiff claimed; and that inasmuch as Hugh did never accomplish his said age, the land never vested in him, but remained in the heirs general. But so the court did not think, and gave judgment for the defendant.

In *Goodtitle* agt. *Whitby*, (1 *Burr.*, 228,) where the estate was given, " when and as they shall attain their respective ages of twenty-one," Lord MANSFIELD held that the rule is, that that shall not operate as a condition precedent, but as

a description of the time when the remainder man is to take *in possession*.

In *Edwards* agt. *Hammond*, (3 *Lev.*, 132,) a copyholder surrendered to himself for life, and afterwards to the use of his eldest son and his heirs, if he should live to the age of twenty-one years, provided and on condition that if he should die before twenty-one, then it should remain to the surrenderor and his heirs. On the death of the surrenderor, the youngest son entered, and the eldest son being seventeen, brought an ejectment, and the question was, ·whether it was a condition precedent or subsequent? and the court held it to be a limitation to the eldest son, immediately defeasible, on a condition subsequent.

*Broomfield* agt. *Crowdee*, (4 *Burr.*, 313,) was a case sent by the master of the rolls to the judges of the common pleas for their opinion. In that case the testator gave all his real estate to the plaintiff, " if he shall live to attain the age of twenty-one years," " but in case he die before he attains that age, then to another brother ; but in case both should die before attaining the age of twenty-one years, then to his god-son John Vale, and his heirs forever." The testator gave a life estate in the premises devised, after the death of his widow, to one Joshua Rose ; on the death of his widow, Rose entered into the possession of the estates and enjoyed the rents and profits till his death, on the 27th March, 1802. The plaintiff was then an infant under the age of twenty-one, and filed a bill asking that his rights in the estates might be declared. The parties defendant were Crowdee, the heir at law; and plaintiffs But-ler and John Vale. .On behalf of Crowdee, the heir at law, it was insisted that the plaintiff had no right or title to the estates, for that the devise to the plaintiff and his brother, and to Vale, were contingent remainders, limited upon the estates for life, and that inasmuch as the preceding particular estates were at an end before the events happened on which the said premises were to become vested,

(the attaining the age of twenty-one years,) such remainders could not then take effect, and consequently passed to the heir at law. The court say, in rendering their opinion, that the fairest construction that could be put upon the will, independent of authority, was, that the plaintiff took an immediate vested estate on the death of the preceding devisees, with a condition subsequent, and they certified their opinion to be, that in the event that had happened, the plaintiff took a vested estate in fee simple in the estates of the testator, determinable upon the contingency of his dying under the age of twenty-one years. It would appear from the remarks of ELLENBOROUGH, Ch. J., in *Roe* agt. *Briggs*, (16 *East*, 411,) that a decree was made by Lord Chancellor ERSKINE, in accordance with the opinion of the judges of the common pleas, and that an appeal was taken from his decree to the House of Lords, which was there affirmed.

*Doe* agt. *Moore*, (14 *East*, 600,) is even more like the present case than those already cited. There the testator gave to John Moore, " when he attained the age of twenty-one years," all his estate, &c.; but in case he should die before he attains the age of twenty-one years, then he gives it over. The testator died, leaving the lessees of the plaintiff his heirs at law, and the devisees named in the will were all under the age of twenty-one years; and the question reserved was, whether the lessees of the plaintiff, or any or either of them, as heirs at law of the testator, or otherwise, took any and what interest in the estates. The case was argued in Hilary term, 1807, but stood over for decision till Michaelmas term, 1811, awaiting the decision of the House of Lords in *Broomfield* agt. *Crowdee*. In this case the rule is held to be, that a devise to A. *when he attains* twenty-one, to hold to him and his heirs, and if he dies under twenty-one, then over, does not make the devisee's attaining twenty-one a condition precedent to the vesting of the interest in him, but the dying under twenty-

one is a condition subsequent, on which the estate is to be divested. In the present case, the devisee has attained the age of twenty-one, and if there was nothing else to the will, it would, I think, be clear that he was vested with the estate absolutely in fee.

But it remains to consider the effect of the words " *and* becomes married and has children." If the first " *and*" may be read " *or,*" there is no difficulty in sustaining the plaintiff's title in fee to the premises devised to him.

The judges of the common pleas, in *Broomfield* agt. *Crowder*, (*cited supra*,) say : " It must be admitted that according to repeated decisions, no precise words are necessary to constitute a condition precedent in wills. They must be construed according to the intention of the parties, and it would be absurd, considering the various circumstances under which wills are made, to require particular terms to express particular meanings. *The apparent intention as collected from the whole will must always control particular expressions.*" Now, what is the apparent intention of the testator, from the provisions of this will ? Clearly, that his father should enjoy the income of his estate during his life; that on his decease it should go to the plaintiff, his son, to be vested in him on the termination of the life estate, and he to have the absolute possession thereof, on his attaining the age of twenty-one years. I think it was also his intention that he should have the estate on his marriage, even if that event happened before he attained the age of twenty-one years, subject, of course, to be divested, if he died before attaining that age. It cannot be argued that it was the intention of the testator to deprive the plaintiff of the use and enjoyment of this property, after he arrived at the age of twenty-one years, until he got married and had children. The estate is not devised over on any such contingency, and it may well be assumed that the testator did not intend to deprive his son of the enjoyment of it, if neither of these events should happen. If that to effectu-

ate the clear intention of the testator, we may read the word " *and* " as " *or*," would seem to be entirely settled in this state and in England. (*Jackson* agt. *Blanshan*, 6 *John. R.*, 54.) The rule as deducible from that case, and those there referred to, is, that the words *or* and *and* are not in deeds and wills, to be always held to a strict grammatical sense, but *or* is to be taken for *and*, and *and* is to be taken for *or*, as may best comport with the intent and meaning of the grant or devise. It cannot be that the testator ever intended that his son and the object of his bounty, was not to have the enjoyment of his estate until all of the events mentioned in his will should, unitedly, have happened; namely, attaining the age of twenty-one, marrying and having children. It is more in accordance with the rules of law, well established, and that is to my mind the clear intent of the testator, to hold that we may read the word " *and* " before the words " becomes married," " *or*," and then the estate has become absolutely that of the plaintiff, and he can make a good title thereto.

Judgment for the plaintiff on demurrer, with costs.